JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXOTTICA GROUP, S.p.A., an Italian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BILL PALMATARY, an individual; CHIHUNG SZETO, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 14-07630-AB-FFM<br><br>[PROPOSED] ORDER RE CONSENT JUDGMENT INCLUDING PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF CLAIMS AS TO DEFENDANT BILL PALMATARY |

**WHEREAS Plaintiff Luxottica Group, S.P.A**. having filed a Complaint in this action charging **Defendant Bill Palmatary** with Trademark Infringement, False Designations of Origin, Trademark Dilution, Unfair Competition, and related state law claims arising from the alleged illegal importation, distribution, offering for sale, and/or sale of products bearing counterfeit reproductions of the Ray-Ban Marks ("Counterfeit Products"), and the parties herein having entered into a Settlement Agreement and Mutual Release; and the parties hereto desiring to fully settle all of the claims in this action among the parties to this Final Judgment, IT IS HEREBY ORDERED that, pursuant to the parties' stipulation, that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to .15 U.S.C. § 1121.

2.      Luxottica is the owner of various Ray-Ban trademarks (collectively, he "Ray-Ban Marks"), including but not limited the following United States Trademark Registrations:

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18.<br><br>cloths for cleaning ophthalmic products, in class 21.<br><br>clothing and headgear; namely, hats, in class 25. |
| RAY-BAN | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18.<br><br>clothing for men and women, namely, polo shirts; headgear, namely, berets and |

| | | |
|---|---|---|
| | | caps. |
| (Ray-Ban circular logo) | 1,320,460 | sunglasses and carrying cases there for, in class 9. |
| (Ray-Ban red rectangular logo) | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

3. Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the Ray-Ban Marks either directly or contributorily in any manner, including:

(a) Manufacturing, importing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping or marketing products bearing the Ray-Ban Marks or marks identical, substantially indistinguishable, and/or confusingly similar thereto;

(b) Using the Ray-Ban Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture,' importation, distribution, advertisement, offer for sale and/or sale of merchandise, or in any manner likely to cause others to believe that Defendant's products are authorized, licensed, and/or sponsored by Ray-Ban;

(c) Shipping, delivering, holding for sale, distributing, 'returning, transferring or otherwise moving, storing or disposing of in any manner any products identified in Paragraph 3(a) or (b) above, except as otherwise provided in the parties' written Settlement Agreement;

(d) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 3(a) to 3(c) above.

(e)     Paragraph 3 of this Consent Judgment shall not be construed to restrict the lawful sale of genuine Ray-Ban products by Defendant and his agents, servants, and assigns where said persons are employees and/or non-controlling shareholders/investors/members of a business licensed and/or authorized by Luxottica to perform the acts described in Paragraphs 3(a) to 3(d) above.

4.     The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, amendment, and/or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof.

5.     The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for enforcement of the settlement between the parties.

6.     The execution of this Consent Judgment shall serve to bind and obligate the parties hereto. However, this Consent Judgment shall not have preclusive effect on those who are not specifically released in the parties' written settlement agreement, all claims against whom Plaintiff expressly reserves.

**IT IS SO ORDERED.**

DATED:  February 27, 2015

_____
HON. ANDRÉ BIROTTE JR.
**United States District Judge**